**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| F & D DEFENSE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-060-RAW |
| | ) | |
| EAST TEXAS MACHINING & | ) | |
| MANUFACTURING, LLC; and | ) | |
| CORBY HALL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| EAST TEXAS MACHINING & | ) | |
| MANUFACTURING, LLC; and | ) | |
| CORBY HALL, | ) | |
| | ) | |
| Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN SHIRLEY; | ) | |
| STEPHEN PRENTICE; and | ) | |
| QUAIL CREEK BANK, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendants. | ) | |

<u>**FINDINGS AND RECOMMENDATION**</u>

This matter comes before the Court on Plaintiff's Motion to Compel Arbitration and Stay the Current Judicial Proceedings as to Defendants' Counterclaim (Docket Entry #36) and Defendant East Texas Machining & Manufacturing, LLC's Motion to Compel Arbitration (Docket Entry #40). United States District Judge James H. Payne who then presided over this case referred these Motions to the

undersigned for the entry of these Findings and Recommendation. The case was subsequently reassigned to United States District Judge Ronald A. White, who did not alter or withdraw the referral.

Plaintiff F & D Defense, LLC ("F & D") initiated this case against Defendants Defendant East Texas Machining & Manufacturing, LLC ("ETM") and Corby Hall ("Hall"), who F & D identified as "the Manager of ETM", on January 5, 2018 in the District Court in and for Seminole County, Oklahoma and was later removed to this Court on March 1, 2018. The original Petition, as subsequently amended, alleged that F & D entered into an agreement with ETM to pay $270,000.00 for the manufacture of an AR15 folder forearm tombstone pallet fixture op1-4 for Makino a51nx and an AR15 folder upper tombstone pallet fixture op1-4 for Makino a51nx (hereinafter referred to as the "Tombstone Agreement"). F & D alleged that ETM received payment for the tombstones but failed to deliver them and continues to refuse to do so. F & D stated in the Amended Petition that

> Without the Tombstones ordered from ETM, Plaintiff has been unable to produce and sell products for which the Tombstones were ordered, thereby causing the loss of income. Plaintiff has attempted to obtain the design and drawings necessary to have another manufacturing firm complete the job but ETM has refused to provide the same.

Amended Petition at ¶5.

F & D stated causes of action for breach of contract or delivery of the tombstones. It also sought a declaratory judgment seeking "[a]n Order declaring [F & D] to be the owner of the two

2

Tombstones and that [ETM and Hall] have no claim to the Tombstones . . . ."  F & D also included claims for unjust enrichment, conversion, as well as injunctive relief.

On May 18, 2018 after the removal of this action to this Court, ETM and Hall answered and filed a counterclaim against F & D, alleging Hall, as the sole member of ETM, and ETM were firearms manufacturers who designed, developed, and manufactured high-quality tactical rifles.  Hall is represented as the inventor and ETM the owner of intellectual property represented in two patents, identified as the "Folding Firearm Patent" and "Integrated Locking Joint Patent".  ETM states that it entered into four written agreements with F & D - the Apparatus for Folding Firearm License Agreement, the Integrated Locking Joint License Agreement, the Manufacturing Agreement, and the Equipment Agreement.  Under these Agreements, F & D assembled and sold the products which Hall and ETM designed and manufactured using the two patents.

ETM represents that it issued an invoice on January 9, 2017 which "was ancillary to the Apparatus for Folding Firearm License Agreement".  Under this invoice, F & D was to pay ETM $270,000.00 for the manufacture of the Tombstones, which were required for the manufacture of folding AR15 rifles.  ETM claims that F & D failed to timely and fully pay for the Tombstones.

ETM asserts that it and Hall retained full ownership of the patents as well as any "end-product derivatives of the Licensed

Material which may be used by F & D to accomplish the objectives of" the license agreement.  ETM contends that the Tombstones are included in these "end-product derivatives."

In their claims, ETM and Hall contend F & D fraudulently claimed an ownership interest in the intellectual property by pledging it as collateral to obtain a bank loan.  The bank filed a UCC-1 financing statement claiming a lien on the intellectual property as well as other assets.  While the UCC-1 was amended by the bank, ETM states that the intellectual property was not deleted from the covered collateral for F & D's loan.

ETM and Hall also assert that F & D breached its obligations under all four agreements.  To that end, they seek a declaratory judgment defining their ownership rights to the intellectual property, machinery and equipment, and the Tombstones and that ETM and Hall may continue to work with third party vendors to product the folding AR15 rifles.  ETM and Hall also bring monetary damage claims for the alleged breach of the four agreements by F & D.  ETM also brings claims for fraudulent inducement and conversion.

ETM and Hall also filed a third party complaint on the same date as the answer and counterclaim against the individual principals of F & D.  They asserted claims to invade the corporate veil to find the named individuals liable for the actions taken by F & D.  The third party complaint seeks money damages against these individuals for fraudulent inducement, declaratory relief,

4

conversion, and negligence.

In the subject Motion filed by F & D, it asserts that the four written agreements contain specific arbitration clauses governed by the Federal Arbitration Act.  As a result, F & D contends that ETM's counterclaims should be subject to compelled arbitration before proceeding in this action.  ETM responded that it agrees that its counterclaims are subject to arbitration but also maintains that F & D's claims are subject to the same arbitration as represented in its Motion filed on the same date.  F & D does not agree that its claims are subject to compelled arbitration because the production of the Tombstones was governed by a fifth agreement which was oral in nature and had no provision for arbitration.  ETM asserts that the broad arbitration clause contained in the Folding Firearm License encompassed claims related to the Tombstones.

The four written agreements between the parties contain binding arbitration provisions.  Two of the agreements state, in pertinent part:

> Arbitration.  The parties will attempt to resolve any dispute arising out of or relating to this License through friendly negotiations amongst the parties. If the matter is not resolved by negotiation within 30 days, the parties will resolve the dispute using the below Alternative (ADR) procedure.  Any controversies or disputes arising out of or relating to this License will be resolved by binding arbitration under the rules of the American Arbitration Association.   The arbitrator's award will be final, and judgment may be entered by any Texas court having proper jurisdiction. Arbitration will be conducted within the County of Dallas, Texas.

Apparatus for Folding Firearm License Agreement, Exh. 1-A to ETM's Motion to Compel Arbitration at p.4.

Integrated Locking Joint License Agreement, Exh. 1-C to ETM's Motion to Compel Arbitration at pp. 2-3.

The Manufacturing Agreement contains a somewhat more detailed

arbitration provision.  It states:

12.3 <u>BINDING ARBITRATION</u>.  The Parties hereby agree that any and all disputes, claims, or causes of action in any way arising from or relating to this Agreement, or any exhibit hereto, or any consideration given by any Party hereto, shall be resolved by binding arbitration in accordance with the American Arbitration Association's Commercial Rules. The location of any arbitration hearing shall be in Dallas, Texas.  The arbitration shall be conducted by a single arbitrator.  The arbitrator shall be selected by the agreement of the Parties or, failing an agreement by the Parties, by the methods determined by the Commercial Rules of American Arbitration Association. The Parties may conduct written discovery and depositions in the arbitration proceedings, subject to the limitations on discovery contained in Tex. R. Civ. P. 190.2(b)(2)-(6).  The arbitrator shall have the sole authority to resolve any and all disputes covered by or concerning this paragraph, including the scope or enforceability of this arbitration clause and the arbitrability of any claims asserted by any Party. Any decision by the arbitrator shall be final and binding upon the Parties, and any Party may seek confirmation of the award in any court of competent jurisdiction.  The Parties agree that the interpretation and enforcement of this paragraph shall be governed by the Federal Arbitration Act.  The filing party shall be responsible for the expenses of arbitration, including filing fees, arbitrator fees and expenses. IF (sic) F&D should initiate arbitration proceedings against Hall during the calendar years 2014 or 2015, F&D shall pay hall (sic) $15,000 to serve as a retainer for Hall's attorney.  In the event it is determined in any arbitration initiated in 2014 or 2015 that F&D breached this Agreement, Hall shall not be awarded attorney's fees against F&D.  In the event Hall is determined to have breached this Agreement, the Arbitrator shall include in his or her award to F&D this $15,000 retainer.

Manufacturing Agreement, Exh. 1-D to ETM's Motion to
Compel Arbitration at p. 9, ¶ 12.3.

The Equipment Lease also contains a binding arbitration clause
similar to the first two agreements but with slightly different
wording.  *See*, Equipment Lease, Exh. 1-E to ETM's Motion to Compel
Arbitration at p. 3.

In an effort to encourage the use of arbitration agreements,
Congress enacted the Federal Arbitration Act (the "Act").  The Act
provides, in relation to mandatory arbitration contractual clauses:

> [a] written provision in any . . . contract evidencing a
> transaction involving commerce to settle by arbitration
> a controversy thereafter arising out of such contract or
> transaction . . . shall be valid, irrevocable, and
> enforceable, save upon such grounds as exist at law or in
> equity for the revocation of any contract.

9 U.S.C. § 2.

The United States Supreme Court has repeatedly affirmed the
policy espoused in the Act encouraging arbitration. Green Tree
Financial Corp. v. Randolph, 531 U.S. 79 (2000); Gilmer v.
Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); Mitsubishi
Motors Corp. v. Sler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985).
Further, the Oklahoma Supreme Court has recognized the usefulness
and constitutionality of arbitration clauses.  Coulter v. First
American Resources, L.L.C., 214 P.3d 807 (Okla. 2009); Rollings v.
Thermodyne Industries, Inc., 910 P.2d 1030 (Okla. 1996).  Because
the arbitration clauses specifically address judgments arising from
arbitration in Texas, this Court notes that Texas courts have also

stated that they must "avoid any rule that makes it easier to avoid

arbitration clauses than other clauses of a contract."  In re Vesta

Ins. Group, Inc., 192 S.W.3d 759, 762 (Tex. 2006).

> Where a contract contains an arbitration clause,
>
> there is a presumption of arbitrability in the sense that
> '[a]n order to arbitrate the particular grievance should
> not be denied unless it may be said with positive
> assurance that the arbitration clause is not susceptible
> of an interpretation that covers the asserted dispute.
> Doubts should be resolved in favor of coverage.'
>
> AT&T Technologies, Inc. v. Communications Workers of
> America, 475 U.S. 643, 649 (1986)(citations omitted).

Clearly, the invoice which gave rise to the production of the

Tombstones in this case did not contain an arbitration clause.  ETM

contends that the clause contained in the Folding Firearm License

Agreement was sufficiently broad to encompass the production of the

Tombstones.  The Tenth Circuit has recognized a three-part inquiry

to determine whether a particular dispute falls within the scope of

an agreement's arbitration clause -

> First, recognizing there is some range in the breadth of
> arbitration clauses, a court should classify the
> particular clause as either broad or narrow. Next, if
> reviewing a narrow clause, the court must determine
> whether the dispute is over an issue that is on its face
> within the purview of the clause, or over a collateral
> issue that is somehow connected to the main agreement
> that contains the arbitration clause. Where the
> arbitration clause is narrow, a collateral matter will
> generally be ruled beyond its purview. Where the
> arbitration clause is broad, there arises a presumption
> of arbitrability and arbitration of even a collateral
> matter will be ordered if the claim alleged implicates
> issues of contract construction or the parties' rights
> and obligations under it.

Cummings v. FedEx Ground Package Sys., Inc., 404 F.3d 1258, 1261 (10th Cir. 2005) quoting Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001).

The clauses employed by the parties in all of the Agreements but the Folding Firearm License in particular are expressly broad. The parties agreed to submit to binding arbitration "[a]ny controversies or disputes arising out of or related to this License."  "The ordinary meaning of the phrase 'relating to' is broad."  Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc., 567 F.3d 1191, 1199 (10th Cir. 2009)(citations omitted).  The Folding Firearm License provides that ETM granted a license to F & D for "all imminent, pending, and existing intellectual property relating to an AR-style firearm that folds approximately in half and its associated attachments thereof" defined as the "Licensed Material."  It also provides for ETM to retain

> title to and ownership of the Licensed Material, including all intellectual property rights relating thereto and comprising, without limitation, ETM's created trade secrets, trade dress, technical data, CAD /CAM drawings and models, product ideas, specialized manufacturing processes, computer programs, source code and/ or object code, trademarks, copyrights, and inventions of end-product derivatives of the Licensed Material which may be used by F&D to accomplish the objectives of this License.

> Folding Firearm License Agreement, Exh. 1-A to ETM's Motion to Compel Arbitration at p. 1.

The production of the Tombstones clearly falls within the purview of "end-product derivatives of the Licensed Materials which may be used by F & D to accomplish the objectives of this License."

F & D's argument that "end-product derivatives" are limited to the firearms themselves does not give full effect to the language employed by the parties which also requires retention of ownership of such derivatives used to accomplish the objectives of the license.  The Tombstones were arguably produced for this express purpose.  In any event, the dispute between the parties surrounding the production and ownership of the Tombstones is "related to" the Licenses given by ETM and Hall and should be subject to binding arbitration as well.  ETM has confessed that the claims contained in its counterclaim is subject to binding arbitration.

Having found F & D's claims and ETM and Hall's counterclaims are subject to binding arbitration, this Court must consider whether the case should be dismissed or merely stayed pending the outcome of the arbitration proceedings.  Clearly, the Act provides for a stay in the event one of the affected parties requests a stay and the matter is to be submitted to arbitration.  9 U.S.C. § 3. Indeed, the Tenth Circuit endorses the use of a stay rather than a dismissal in cases such as this.  *See*, <u>Adair Bus Sales, Inc. v. Blue Bird Corp.</u>, 25 F.3d 953, 955 (10th Cir. 1994).  As a result, this Court recommends that the base action and counterclaim be stayed pending the outcome of binding arbitration.  It is apparent, however, that no party has sought to compel arbitration of the claims represented in the third-party action against the principals

of F & D.  As such is the case, this action should remain pending until the third-party claims are adjudicated.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiff's Motion to Compel Arbitration and Stay the Current Judicial Proceedings as to Defendants' Counterclaim (Docket Entry #36) and Defendant East Texas Machining & Manufacturing, LLC's Motion to Compel Arbitration (Docket Entry #40) be **GRANTED**, that F & D's claims and ETM and Hall's counterclaim be **STAYED** pending binding arbitration, and that the alternative request for dismissal be **DENIED**.  ETM's third-party claim remains pending.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 22nd day of January, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE